UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MORTGAGE ASSETS MANAGEMENT, LLC, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>YVETTE J. POULIN et al., )<br>)<br>Defendants ) | No. 2:23-cv-00106-JDL |

**RECOMMENDED DECISION RE: DEFAULT**

With the Court's approval, Mortgage Assets Management, LLC, filed an Amended Complaint in this foreclosure action on May 16, 2023. *See* ECF Nos. 12, 15, 16. That filing raises two questions. First, must Mortgage Assets serve the amended complaint on the party against whom the Court has entered a default, Portfolio Recovery Associates, LLC? Second, must the entry of default as to the original complaint be set aside?

Service of an amended pleading is not required on defaulted parties so long as the amended pleading does not assert a new claim of relief. *See U.S. Bank N.A. v. Keefer*, No. 1:19-cv-00155-JDL, 2022 WL 1223092, at *3 (D. Me. Apr. 26, 2022) (rec. dec.) (citing Fed. R. Civ. P. 5(a)(2)), *aff'd*, 2022 WL 1997212 (D. Me. June 6, 2022). In its original complaint, Mortgage Assets sought a judgment of foreclosure and sale in conformity with 14 M.R.S.A. § 6322 (Westlaw), *see* ECF No. 1 at 6, and in its amended complaint it seeks the same relief, *see* ECF No. 16 at 6.

1

Mortgage Assets merely changed its description of the basis of the Court's jurisdiction from diversity to "United States Government as a defendant" and renamed a party-in-interest, Secretary of Housing and Urban Development, to "United States of America, Secretary of the Department of Housing and Urban Development." ECF No. 12 at 2. In these circumstances, I conclude that Mortgage Assets' amended complaint merely makes technical corrections and does not assert a new claim of relief against Portfolio Recovery. Accordingly, Mortgage Assets is not required to serve the amended complaint on Portfolio Recovery.

With that said, the default as to Portfolio Recovery on the original complaint should be set aside. As this Court recently explained, it is necessary for Mortgage Recovery to move for default as to the amended complaint in order to proceed to a default judgment on the operative pleading. *See Keefer*, 2022 WL 1223092, at *5 ("In this case, because the second amended complaint superseded the original complaint on which default was entered against Defendants, the original complaint is not the operative pleading and Plaintiff cannot proceed to a default judgment on the original complaint. The default, therefore, should be set aside. Because Plaintiff is not required to serve Defendants with the second amended complaint, Plaintiff may seek a default as to Defendants on the second amended complaint.").

For these reasons, I **RECOMMEND** that the Court (1) find that Mortgage Assets is not required to serve the amended complaint on Portfolio Recovery and (2) set aside the default as to Portfolio Recovery on the original complaint.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum and request for oral argument before the District Judge, if any is sought, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum and any request for oral argument before the District Judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: May 17, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge